(117 App. Div. 750)

SCHACKTER v. KUKOWSKY et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1907.)

PAYMENT—NECESSITY OF PLEA—ADMISSIBILITY OF EVIDENCE.

In an action for the balance due for goods sold and delivered, the admission in evidence of two checks dated prior to the sale of the goods for the purpose of showing payment was error, where defendants made no answer to the complaint.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Joseph L. Schackter against Isaac Kukowsky and another. From a judgment dismissing the complaint upon the merits, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Andrew Byrne (Philip E. Reville, on the brief), for appellant.
Morrison & Schiff, for respondents.

HIRSCHBERG, P. J. The action was brought to recover a balance of $229.10 alleged to be due for goods sold by the plaintiff to the defendants at the city of New York and delivered in Florida, or to carriers at New York designated by the defendants. It seems to have been practically undisputed that the plaintiff sold the defendants goods to the amount of $979.10 on two days in the month of August, 1904, and that they were paid for by checks to the amount of $750, leaving the balance claimed. These checks were all put in evidence by the defendants, and are all dated after the receipt of the goods. The defendants, however, were permitted to put in evidence, against the plaintiff's objection, a check for $110, which was dated prior to the sale of the goods in question, which check the plaintiff testified was given in payment of a bill of goods sold to the defendants in June, 1904. The defendants were also permitted to put in evidence a check for $277.50, dated prior to the receipt of the goods in question, which was received in evidence subject to a similar objection. The plaintiff testified that this check was given in payment of a bill of goods of that amount sold to the defendants in July, 1904, and not for any of the

goods in question, while the defendants admitted the receipt and acceptance by them of a bill for such goods, dated July 15, 1904, for the exact amount of the check.

The judgment appealed from dismisses the complaint on the merits, and if it was rendered on the theory of payment, the receipt of the two checks in evidence—that is, the one for $277.50 and the one for $110 —clearly constitutes reversible error.  The return does not show that the defendants made any answer to the complaint.  Payment is an affirmative defense, and must be pleaded.  Even had payment been pleaded by the defendants, the evidence referred to would not suffice to establish the defense, unless the checks were connected in some way with the sales which were the subject of the controversy.  An otherwise concededly good cause of action could not be judicially destroyed, in the absence of both defense and proof.  The proof, as it appears in the present record, preponderates in favor of the theory that the two checks referred to were not connected in any way with the transaction which forms the subject of the action.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.  All concur.